UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARK ALLEN KIMBROUGH,<br><br>        Petitioner,<br><br>v.<br><br>JEANNE S. WOODFORD, et al.,<br><br>        Respondent(s). | 1:04-cv-05528-AWI-DLB-HC<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION IN PART**<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS**<br><br>**ORDER DISMISSING UNEXHAUSTED CLAIMS**<br><br>**ORDER REFERRING MATTER TO MAGISTRATE JUDGE**<br><br>(Documents #21, #28, & #31) |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

      On February 28, 2005, the Magistrate Judge filed a Findings and Recommendation that recommended the court grant Respondent's motion to dismiss the petition for writ of habeas corpus because the petition was not filed within 28 U.S.C. § 2244(d)(1)'s one year statute of limitations. The Magistrate Judge also found that several claims in the petition were unexhausted. The Findings and Recommendation were served on all parties and contained notice that any objections were to be filed within thirty (30) days from the date of service of that order. After receiving additional time in which to file objections, on April 28, 2005, Petitioner filed objections to the Findings and Recommendation.

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case.  See <u>Britt v. Simi Valley Unified School Dist</u>., 708 F.2d 452, 454 (9th Cir. 1983).  Having carefully reviewed the entire file, including Petitioner's objections, the court adopts the Findings and Recommendations in part.

**A.  Statute of Limitations**

In the motion to dismiss, Respondent contends that Petitioner did not file this action within 28 U.S.C. § 2244(d)(1)'s one year statute of limitations.  The AEDPA places a one year period of limitation in which a petitioner must file a petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  In this case, as in most cases, the limitation period began to run on the date on which the judgment became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A).  As explained by the Magistrate Judge, Petitioner's direct review ended on November 29, 1999.  After November 29, 1999, Petitioner filed a litany of post-conviction petitions in the state courts, including numerous state habeas petitions and petitions for writ of mandate.  Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  The question in this case is how the court should toll the limitations period pursuant to Section 2244(d)(2).

The court agrees with the Magistrate Judge and Respondent that Petitioner's limitation period ran for 101 days between November 29, 1999 and March 9, 2000, and stopped when Petitioner filed his habeas petition in the Kern County Superior Court.  The statute was then tolled until at least May 18, 2001, when the Kern County Superior Court denied the March 9, 2000 habeas petition.  During the time the petition was pending in the Kern County Superior Court, Petitioner filed other petitions in the Fifth District Court of Appeal, California Supreme Court, and United States Supreme Court. Eventually, on August 15, 2002, Petitioner filed a habeas petition in the California Supreme Court, which addressed claims brought in the March 9, 2000 Kern County Superior Court petition, along with numerous other claims.  The California Supreme Court denied this petition on June 25, 2003. While this petition was pending, Petitioner filed yet another petition for writ of mandamus and habeas corpus petition, which were resolved prior to June 25, 2003.  Finally, Petitioner filed a

petition for writ of certiorari with the United States Supreme Court on September 15, 2003, and this petition was denied on November 17, 2003.  Petitioner filed this action on April 5, 2004.

      The parties agree that if only the time Petitioner's numerous post conviction petitions for collateral relief were actually pending in the state courts is tolled pursuant to Section 2244(d)(2), this action was filed outside of the one year limitation period.    However, Petitioner contends that the entire time between his filing of the March 9, 2000 Kern County Superior Court petition and the ultimate denial of the August 15, 2002 California Supreme Court petition by the California Supreme Court on June 25, 2003, should be tolled pursuant to Section 2244(d)(2).  A petitioner is entitled to tolling during the entire time he was seeking one full round of collateral review by the California courts.  Carey v. Saffold, 536 U.S. 214, 220 (2002); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir.2003); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.1999).  The time an application is "pending" during this round also includes the interval between the disposition of a post-conviction habeas petition and the filing of an appeal or habeas petition at the next state appellate level. Saffold, 536 U.S. at 224.  A petitioner is not entitled to tolling during the gap between the completion of one full round of state collateral review and the commencement of another.  Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003).

      As discussed above, the parties agree Petitioner's direct review became final on December 29, 1999, and 101 days of the limitation period elapsed until Petitioner filed the March 9, 2000 habeas petition in the Kern County Superior Court.  The limitations period was then tolled until the petition was denied on May 18, 2001.  On August 15, 2002, Petitioner filed a habeas petition in the California Supreme Court, which was ultimately denied on June 25, 2003.  Both the time these two petitions were pending and the time in between their filing was tolled pursuant to Section 2244(d)(2), Saffold, and Nino.  Respondent takes the position that the time in between these filings should not be tolled because the petitions did not comprise one complete round of the state's established appellate review process. Pursuant to Ninth Circuit authority, the court cannot find that Petitioner's actions did not constitute one complete round.  Petitioner did file his habeas corpus in the Kern County Superior Court and then went directly to the California Supreme Court.  However, "[a] round of collateral review may begin at any level, or even skip levels." Delhomme, 340 F.3d at

820-21.  In addition, the fact Petitioner added significant claims when the petition was filed in the California Supreme Court does not change the result because a petition is still "pending" for the purposes of Section 2244(d)(2) tolling even if the contents of the petitions change.  <u>Delhomme</u>, 340 F.3d at 819-20; <u>Biggs</u>, 339 F.3d at 1048 n. 1.  Finally, Petitioner did file numerous other petitions in various courts during the time the March 9, 2000 Kern County Superior Court petition was pending, the time the August 15, 2002 California Supreme Court petition was pending, and the time between these filings.  However, overlapping petitions do not affect tolling during the time petitioner is seeking one full round of review.  <u>Delhomme</u>, 340 F.3d at 819-21   Because Petitioner's other petitions were overlapping petitions that began separate rounds of review, they did not affect tolling during his first full round of review.  Thus, Petitioner is entitled to tolling from March 9, 2000 until the California Supreme Court denied his petition on June 25, 2003.[1]

Once the California Supreme Court denied the petition on June 25, 2003, the limitation period ran for approximately 82 days more days, until Petitioner filed a petition for writ of certiorari in the United States Supreme Court.  The limitation period then began running on November 17, 2003, when the United States Supreme Court denied the petition.  It then ran for approximately 139 days, until April 5, 2004, when Petitioner filed this action.  Including the 101 days the limitation period ran prior to Petitioner's filing of the March 9, 2000 Kern County Superior Court petition, the limitation period ran for a total of approximately 322 days.  This is well under the 365 days allowed

---

[1] The court does note that while Petitioner's appeal was pending in the Fifth District Court of Appeal, on November 25, 1997, Petitioner filed a state habeas petition, which was consolidated with his direct appeal.  This petition appears to have been filed pursuant to California's rules that only allow appeals to contain issues found within the trial record.  When the appeal was denied, Petitioner filed a petition for reivew and petition for writ of habeas corpus with the California Supreme Court.  Both were denied on June 30, 1999.  Petitioner then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on November 29, 1999.  This date stated the statute of limitations running.

The court does not find that the habeas corpus petition filed in connection with Petitioner's direct appeal constituted one full round of collateral review by the California courts within the meaning of. <u>Saffold</u> and <u>Nino</u>.  First, Respondent does not appear to take the position that Petitioner had already "used up" his one full round of collateral review by the time Petitioner filed the March 9, 2000 petition in the Kern County Superior Court.  Second, California law limits the type of claims Petitioner could have raised in the habeas petition filed with his direct appeal.   Third, because the statute of limitations had not yet begun to run, it is unnecessary to toll the limitations period during the time these habeas petitions were pending.  Thus, the court finds no reason why Petitioner's March 9, 2000 Kern County Superior Court petition and August 15, 2002 California Supreme Court petition do not constitute one full round of collateral review within the meaning of <u>Saffold</u> and <u>Nino</u>.

for under Section 2244(d)(1)'s one year statute of limitations.   Thus, the court declines to adopt the Magistrate Judge's recommendation that this action is barred by 28 U.S.C. § 2244(d)(1)'s one year limitation period.

The court does note that there was over a year delay between the Kern County Superior Court denying Petitioner's March 9, 2000 Kern County Superior Court petition on May 18, 2001, and Petitioner's filing of the August 15, 2002 California Supreme Court petition.  If the delay between filing petitions during one full round is unreasonable, the petition will no longer be "pending" within the meaning of Section 2244(d)(2).  Saffold, 536 U.S. at 225-26.  Whether a California applicant sought habeas relief in a timely fashion is governed by whether the California courts have dismissed his applications as untimely. Saffold v. Carey, 312 F.3d 1031, 1036 n. 1 (9th Cir.2002) ("Saffold II"). Respondent does not contend and there is no indication that either petition was untimely or Petitioner's delay between petitions unreasonable.   The California Supreme Court denied the August 15, 2002 California Supreme Court petition on the merits and without citation to any procedural rule, such as timeliness.   Thus, the court cannot find Petitioner's delay between filings makes him ineligible for tolling between the petitions.   Accordingly, the current federal habeas petition was not filed outside of Section 2244(d)(1)'s statute of limitations.

**B. Exhaustion**

Respondent also requests that the court dismiss the petition because the petition contains unexhausted claims.  A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).   A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis).

Having carefully reviewed the entire file, the court finds the Findings and Recommendation's

conclusions regarding exhaustion to be supported by the record and by proper analysis.  In his objections, Petitioner does not offer any evidence that the claims found unexhausted by the Magistrate Judge are in fact exhausted.   The court agrees that Ground L, Ground T, Ground U, Ground V sub-parts 2-5 and 7-9, Ground W sub-parts 2-4, Ground X, Ground Y, and Ground Z are unexhausted.   In his opposition to the motion to dismiss, Petitioner requested that the court dismiss any unexhausted claims from this action.    If a petition contains only unexhausted claims, the court lacks jurisdiction and is obliged to dismiss the federal petition immediately.  <u>Jiminez v. Rice</u>, 276 F.3d 478 (9th Cir.2001).   If a petition contains both unexhausted claims and exhausted claims, the court must also dismiss the petition.  <u>Pliler v. Ford</u>, 124 S.Ct. 2441, 2447 (2004); <u>Rose v. Lundy</u>, 455 U.S. 509,  521-22 (1982); <u>Calderon v. United States Dist. Court (Gordon)</u>, 107 F.3d 756, 760 (9th Cir. 1997).   However, if a petition contains both unexhausted claims and exhausted claims, the petitioner has the option of deleting the unexhausted claims and proceeding with the exhausted claims.  <u>Rhines v. Weber</u>,  125 S.Ct. 1528, 1535 (2005).   The court finds that Petitioner's statements in his opposition to be a request that the court dismiss Petitioner's unexhausted claims to avoid dismissal of this action.   Thus, the court will dismiss the unexhausted claims pursuant to Petitioner's request and proceed with the exhausted claims.   Because the petition no longer contains unexhausted claims, Respondent's motion to dismiss becomes moot.

**C.  Other Requests**

In his objections, Petitioner objects to various findings made by the Magistrate Judge in other orders, such as the Magistrate Judge's denial of Petitioner's motion to recuse Respondent's attorney and Petitioner's motion for oral argument.   These orders by the Magistrate Judge were not included in the Findings and Recommendation and were separate, final orders of the Magistrate Judge.   Thus, objections to the Findings and Recommendation is not the proper place for Petitioner to raise his disagreement with the Magistrate Judge.   To the extent Petitioner is making separate requests for the undersigned to reconsider final orders of the Magistrate Judge, the court will deny these requests because they are not properly before the court.

//

**D. ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation, filed February 28, 2005, are ADOPTED IN PART;
2. Respondents "People of the State of California" and the "California Attorney General" are STRICKEN from the action;
3. Respondent's motion to dismiss the action as barred by the one-year statute of limitations is DENIED;
4. Petitioner's request to dismiss unexhausted claims from this action is GRANTED;
5. Ground L, Ground T, Ground U, Ground V sub-parts 2-5 and 7-9, Ground W sub-parts 2-4, Ground X, Ground Y, and Ground Z are DISMISSED from this action;
6. Respondents' motion to dismiss the action based on exhaustion is DENIED because the unexhausted claims have been dismissed from this action;
7. Petitioner's requests for the court to change various orders entered by the Magistrate Judge are DENIED; and
8. This action is REFERRED to the Magistrate Judge to order a response to the petition's exhausted claims.

IT IS SO ORDERED.

Dated:   **August 23, 2005**           /s/ Anthony W. Ishii
0m8i78                                       UNITED STATES DISTRICT JUDGE