# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARK ALLEN KIMBROUGH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ROD HICKMAN,<br><br>　　　　　Respondent.　　　　　／ | CV F 04-5528 AWI DLB HC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S RENEWED MOTION TO DISMISS<br><br>[Doc. 49] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### PROCEDURAL BACKGROUND

On March 26, 1997, in the Fresno County Superior Court, a jury returned a verdict of guilty of illegal possession of a firearm in violation of California Penal Code sections 12021(a) and 12021.1(a). It was further found that Petitioner had served a prior prison term in violation of California Penal Code section 667.5(b). On April 23, 1997, Petitioner was sentenced to a total term of nine years in state prison. Petitioner is currently on parole, having served his sentence following his conviction.[1]

On May 28, 1997, Petitioner filed a timely notice of appeal with the California Court of Appeal, Fifth Appellate District.

---

[1] Where a petitioner has been released from prison and is serving a parole term, parole satisfies the custody requirement of federal habeas procedure. Jones v. Cunningham, 371 U.S. 326, 238 (1963).

On or about September 16, 1997, Petitioner filed the opening brief in his direct appeal, case number F028471, in the California Court of Appeal, Fifth Appellate District. (Respondents' Exhibit 2.)

On November 25, 1997, Petitioner filed a petition for writ of habeas corpus with the Fifth District Court of Appeal, case number F029606; the petition was later consolidated with the direct appeal. (Respondents' Exhibits 3, 4.)

On April 15, 1999, the Fifth District Court of Appeal affirmed the judgment of conviction. (Respondents' Exhibit 4.)[2]

Petitioner then filed a petition for writ of mandate on May 3, 1999, with the California Supreme Court, case number S078545. That court denied the mandate petition on May 19, 1999. (Respondents' Exhibit 5.)

On May 25, 1999, Petitioner filed a petition for review with the California Supreme Court, case number S079028. The court denied the petition on June 30, 1999. (Respondents' Exhibit 6.)

On June 9, 1999, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court, case number S079631. That court denied the petition on June 30, 1999. (Respondents' Exhibit 7.)

Petitioner filed a petition for writ of certiorari with the United States Supreme Court, case number 99-6271, on September 29, 1999. That court denied the petition on November 29, 1999. (See Petitioner's AX-9, Exhibit 98, at 2965-3063.)

On December 7, 1999, Petitioner filed a petition for writ of mandamus in the Fifth

---

[2] Petitioner filed several petitions or other proceedings prior to the Fifth District's opinion. They are as follows: (1) Petition for Writ of Mandate, Cal Sup S065879, filed 11/19/97, denied 12/12/97; (2) Error Coram Vobis Petition, 5DCA F030045, filed ½8/98, denied 2/6/98; (3) Complaint for Prisoner Civil Rights, USDC-E 98-5131, filed 2/6/98, dismissed/judgment entered 7/13/98; (4) Petition for Review, Cal Sup S068064, filed 2/19/98, denied 3/25/98; (5) Petition for Writ of Mandate, Cal Sup S070143, filed 5/8/98, denied 7/15/98; (6) Petition for Writ of Certiorari, USSC 98-5192, filed 6/23/98, denied 10/5/98; (7) Petition for Transfer of Cause to Supreme Court Pursuant to CRC 27.5/Motion to Recuse Fifth District, Cal Sup S072419, filed 8/5/98, denied 8/19/98; (8) Petition for Writ of Habeas Corpus, USDC-E 98-6043, filed 8/10/98, dismissed/judgment entered 2/26/99; (9) Petition for Writ of Mandate to Direct Respondents to Perform Obligation of Duty of Office, Cal Sup S073847, filed 10/5/98, denied 12/16/98; (10) Verified Accusation of Attorney Misconduct, Cal Sup S074786, filed 11/18/98, denied 1/13/99. (Petition, at 5-8.)

1  District Court of Appeal, case number F034505.  That court denied the petition on December 29,
2  1999.  (Respondents' Exhibit 8.)
3        On March 9, 2000, Petitioner filed a petition for writ of habeas corpus with the Kern
4  County Superior Court, case number HC 6859A.  That court denied the habeas petition on May
5  18, 2001.  (Respondents' Exhibit 9.)
6        On May 16, 2000, Petitioner filed another petition for writ of mandamus with the Fifth
7  District Court of Appeal, case number F035603.  The court denied the petition on May 18, 2000.
8  (Respondents' Exhibit 10.)
9        On May 30, 2000, Petitioner filed a petition for review with the California Supreme
10 Court, case number S088724.  That court denied the petition on July 12, 2000.  (See Petitioner's
11 AX-9, Exhibit 101, at 3152-3211.)
12       On September 18, 2001, Petitioner filed another petition for writ of certiorari with the
13 United States Supreme Court, case number 01-7824.  On March 18, 2002, the court denied the
14 petition. (See Petitioner's AX-10, at Exhibits 106, 109.)
15       On August 15, 2002, Petitioner filed another petition for writ of habeas corpus with the
16 California Supreme Court, case number S109168.  That court denied his petition on June 25,
17 2003.  (Respondents' Exhibit 11.)
18       On September 17, 2002, Petitioner filed another petition for writ of mandamus with the
19 Fifth District Court of Appeal, case number F041471.  The court denied the petition on
20 September 26, 2002.  (Respondents' Exhibit 12.)
21       On October 7, 2002, Petitioner filed a third petition for review with the California
22 Supreme Court, case number S110411.  (Respondents' Exhibit 13.)  The court denied the petition
23 on November 13, 2002.
24       On September 15, 2003, Petitioner filed a third petition for writ of certiorari with the
25 United States Supreme Court, case number 03-6360.  (Respondents' Exhibit 14.)  The petition
26 was denied on November 17, 2003.
27       On April 5, 2004, the instant petition was lodged with this Court.
28       On July 12, 2004, this Court ordered Respondent to respond to the petition.

On October 29, 2004, Respondents' filed a motion to dismiss the petition on the grounds that it violated the one-year statutes of limitations and the petition was a mixed petition subject to dismissal. Petitioner filed an opposition to the motion on February 7, 2005.

On February 28, 2005, the undersigned issued Findings and Recommendations recommending that Respondent's motion to dismiss be granted in all respects. (Court Doc. 31.)

On April 28, 2005, Petitioner filed objections to the Recommendation. (Court Doc. 35.)

On August 24, 2005, the District Judge adopted the Findings and Recommendations in part. Respondent's motion to dismiss based on a violation of the statute of limitations was denied, and Respondent's motion to dismiss on exhaustion grounds was granted, and the unexhausted claims were dismissed from the action. (Court Doc. 36.)

On September 16, 2005, the Court directed Respondent to file an answer to the petition. (Court Doc. 37.)

Respondent filed its answer on January 6, 2006. Although Petitioner filed and was granted an extension of time to file a traverse, a traverse was never filed. (Court Docs. 48, 50.)

On March 9, 2006, Respondent filed a renewed motion to dismiss in light of the Supreme Court's recent decision in Evans v. Chavis, 126 S.Ct. 846 (2006).

Petitioner has not filed an opposition.

DISCUSSION

A.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley,

533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.      <u>Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on October 14, 2004, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on March 26, 2997. The Fifth District Court of Appeal affirmed Petitioner's conviction on April 15, 1999. Petitioner filed a petition for review with the California Supreme Court on May 25, 1999. That petition was denied on June

30, 1999. Petitioner then filed a petition for writ of certiorari with the United States Supreme Court on September 29, 1999. The writ was denied on November 29, 1999. Thus, direct review would conclude on November 29, 1999. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Thus, the statute of limitations would expire on November 28, 2000.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, 536 U.S. 214 (2002), the United States Supreme Court rejected the Ninth Circuit's view that where a state court denies the petition on both procedural grounds and on the merits, the fact that the state court addressed the merits warranted tolling under § 2244(d)(2). The Supreme Court stated:

> Given the variety of reasons why the California Supreme Court may have included the words "on the merits," those words cannot by themselves indicate that the petition was timely. And the Ninth Circuit's apparent willingness to take such words as an absolute bellwether risks the tolling of the federal limitations period even when it is highly likely that the prisoner failed to seek timely review in the state appellate courts. . . . The Ninth Circuit's rule . . . threatens to undermine the statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being force to hear stale claims.

Saffold, 536 U.S. at 226 (citations omitted.) The Supreme Court also emphasized that only a "timely" appeal tolls the AEDPA's statute of limitations period, and that "unreasonable" delays are not "timely." Id. at 214. In Evans v. Chavis, the Supreme Court held that when the state court denies a state habeas petition without any explanation or indication as to timeliness, the federal court must conduct its own inquiry to determine whether the state habeas petition was filed within a "reasonable time." 126 S.Ct. at 852. However, where there is a "clear indication that a particular request for appellate review was timely or untimely," there is no need to conduct such an independent examination. Id. In Chavis, the Supreme Court found a period of six

6

months filing delay to be unreasonable under California law. Id. at 854. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. Id., *quoting* Saffold, 536 U.S. at 219.  In addition, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Chavis, 126 S.Ct. at 853, *citing* Saffold, 536 U.S. at 222-223.

Respondent argues that Petitioner delayed 273 days between the Kern County Superior Court's denial of his state habeas corpus petition (see Respondent's Exhibit 9, to Court Doc. 21) and his filing a petition with the California Supreme Court on August 15, 2002.  The Court notes that at the time Petitioner filed his first state habeas corpus petition in the Kern County Superior Court on March 9, 2000, 101 days of the limitation period had elapsed.  The limitations period was tolled until the petition was denied on May 18, 2001.  Petitioner waited until August 15, 2002, to file his state habeas corpus petition with the California Supreme Court, which was denied on June 25, 2003.  However, on September 18, 2001, Petitioner filed a petition for writ of certiorari with the United States Supreme Court.  The petition was denied on March 18, 2002.

Although direct review includes the ninety day period during which a petitioner may file a petition for writ of certiorari in the United States Supreme Court, Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999), the Ninth Circuit Court of Appeals, and several other Circuit Courts, excluding the Sixth Circuit Court of Appeals, have held that following state collateral review a petitioner is not entitled to tolling for the period available to file a petition for writ of certiorari to the United States Supreme Court, even if as here, the petition for certiorari was actually filed. White v. Klitzkie, 281 F.3d 920, 925 (9th Cir. 2002); accord Gildon v. Bowen, 384 F.3d 883, 885-86 (7th Cir. 2004); Miller v. Dragovich, 311 F.3d 574, 577-80 (3d Cir. 2002); Crawley v. Catoe, 257 F.3d 395, 399-400 (4th Cir. 2001); Snow v. Ault, 238 F.3d 1033 (8th Cir. 2001); Coates v. Byrd, 211 F.3d 1225, 1227 (11th Cir. 2000); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999); but see Abela v. Martin, 348 F.3d

164, 172-73 (6th Cir. 2003) (en banc) (holding that the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking certiorari review in the United States Supreme Court of the state's final judgment on that application, independent of whether the petitioner actually files a petition for certiorari.)[3,4]  Accordingly, pursuant to current binding Circuit authority, since Petitioner was seeking review following state collateral review, he is not entitled to tolling during the time that he actually filed a petition for writ of certiorari at the United States Supreme Court.  Therefore, the relevant time frame to determine the reasonableness is from May 18, 2001 to August 15, 2002, i.e. 454 days.

As Respondent points out, although this case is made more complex due to the numerous state court filings and the zealous litigation of Petitioner, the focus on whether Petitioner is entitled to interval tolling under Evans v. Chavis, is based simply on the time period between the lower state court's denial of his habeas petition and his petition filed in the California Supreme Court as these filings constitute one complete round of state collateral review.  As this Court previously stated,

> Petitioner did file numerous other petitions in various courts during the time the March 9, 2000 Kern County Superior Court petition was pending the time the

---

[3] The Court notes that the United States Supreme Court has recently granted certiorari in Lawrence v. Florida, 126 S.Ct. 1625, 164 L.Ed.2d 332 (2006), oral argument heard October 31, 2006, to decide the instant question:
> Where a defendant facing death has pending a United States Supreme Court certiorari petition to review the validity of the state's denial of his claims for state postconviction relief, does the defendant have an application pending which tolls the 2244(d)(2) statute of limitations?

See e.g. Jones v. Hulick, 449 F.3d 784, 788 (7th Cir. 2006).
Although the instant case is not a capital case, the same analysis nonetheless applies to a non-capital petitioner.

[4] Although in some of these cases, including White v. Klitzkie, the petitioners did not actually file a petition for writ of certiorari as Petitioner did in this case, the analysis nonetheless remains the same.  As stated in Crawley v. Catoe, 257 F.3d at 399, "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled under 28 U.S.C. § 2244(d)(2) from the one-year statute of limitations under § 2244(d)(1)."  See also Rhine v. Boone, 182 F.3d at 1155-56; White v. Klitzkie, 281 F.3d at 924-25 ("A petition for a writ of certiorari to the United States Supreme Court is simply not an application for state review.  Crawley v. Catoe, 257 F.3d 395, 399 (4th Cir. 2001) (citation omitted).  The time spent pursuing such a federal writ is not 'time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies. . ..' (citation omitted); see also Rhine v. Boone, 182 F.3d 1153, 1156 (10th Cir. 1999).")  Thus, it is reasonably inferable that the holding in White v. Klitzkie extends to the time during which a petition for writ of certiorari is actually pending before the Supreme Court.

> August 15, 2002 California Supreme Court was pending, and the time between these filings. However, overlapping petitions do not affect the tolling during the time petitioner is seeking one full round of review. Delhomme v. Ramirez, 340 F.3d at 819-821. Because Petitioner's other petitions were overlapping petitions that began separate rounds of review, they did not affect tolling during his first full round of review.

(Court Doc. 36, Order Adopting Findings and Recommendations, at 4.)  Further, this Court has previously recognized the significant delay between the denial at the Superior Court and filing at the California Supreme Court, stating:

> The court does note that there was over a year delay between the Kern County Superior Court denying Petitioner's March 9, 2000 Kern County Superior Court petition on May 18, 2001, and Petitioner's filing of the August 15, 2002 California Supreme Court petition. If the delay between filing petitions during one full round is unreasonable, the petition will no longer be "pending" within the meaning of Section 2244(d)(2).

(Court Doc. 36, Order Adopting Findings and Recommendations, at 5.)  The *unjustified/unexplained* delay of 454 days is clearly unreasonable under the analysis of Evans v. Chavis, for there the delay was only six months which the Court held was unacceptable as a matter of federal law. Chavis, 126 S.Ct. at 854.  Petitioner has not provided any justification or explanation for the lengthy delay, which is over twice as long as the delay in Evans, and over seven times the short period of time of 30 to 60 days provided by most States for filing an appeal. In addition, the California Rules provide that the People have 60 days to appeal the superior court's granting of habeas relief. Cal. Rules of Court § 1506.  Therefore, because the delay between filings was unreasonable, Petitioner is not entitled to interval tolling during this period. Another 454 days elapsed against the statutory period, resulting in 555 (454 & 101) days of the limitations period expiring.  Further, following the California Supreme Court's denial of the habeas petition on June 25, 2003, Petitioner delayed another 285 days before filing the instant petition on April 5, 2004.[5]  The instant petition is clearly untimely and barred by the statute of

---

[5] See Cal. R. Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed. During this time, following state collateral review, Petitioner filed a petition for writ of in the United States Supreme Court on September 15, 2003, which was denied on November 17, 2003, because Petitioner is not entitled to tolling for the time this petition was pending, it is excluded

9

limitations.[6]

D.    Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

Assuming it is available, although Petitioner previously raised grounds for equitable tolling with respect to Respondent's first motion to dismiss, Petitioner did not file an opposition to the renewed motion to dismiss and has not presented any grounds for equitable tolling.  Thus, the instant petition for writ of habeas corpus is barred by the statute of limitations and must be dismissed, with prejudice.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

---

[6] However, even if Petitioner were entitled to tolling for the time during which he actually filed a petition for writ of certiorari, which under this Circuit's current precedent he is not, the instant action would still be untimely. Granting tolling, during for the time the petition for writ of certiorari was filed on September 18, 2001 and denied on March 18, 2002, would exclude 181 days from 454, equaling 273. The unjustified and unexplained delay of 273 days is almost as long as the delay in Evans, and is over four times the short period of time of 30 to 60 days provided by most States for filing an appeal. Thus, the unjustified delay of 273 days is also unreasonable under Evans v Chavis, and Petitioner would not be entitled to interval tolling for this time. Therefore, 374 (273 & 101) days elapsed against the statute of limitations.
Then, again, following the California Supreme Court's denial of the habeas petition on June 25, 2003, Petitioner delayed another 82 days until the third petition for writ of habeas corpus was filed in the United States Supreme Court on September 15, 2003. Then, after the United States Supreme Court's denial of the third certiorari petition on November 17, 2003, Petitioner delayed another 139 days before filing the instant petition on April 5, 2004.

1.       Respondent's motion to dismiss be GRANTED; and

2.       This action be dismissed, with prejudice, as time-barred.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within five (5) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 19, 2006**                    /s/ **Dennis L. Beck**
3b142a                                                          UNITED STATES MAGISTRATE JUDGE