# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARK ALLEN KIMBROUGH, | 1:04-cv-05528-AWI-DLB-HC |
|     Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| vs. | |
| ROD HICKMAN, | ORDER GRANTING MOTION TO DISMISS |
|     Respondent. | (Document #49) |

Petitioner Clark Allen Kimbrough ("Petitioner") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On December 20, 2006, the Magistrate Judge filed a Findings and Recommendations that recommended Respondent's motion to dismiss be granted and the petition for writ of habeas corpus be dismissed for Petitioner's failure to comply with 28 U.S.C. § 2244(d)(1)'s one year statute of limitations. The Findings and Recommendations were served on the parties and contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. On January 15, 2007, Petitioner, thought counsel, filed objections to the Magistrate Judge's Findings and Recommendations. On January 25, 2007, Respondent filed a response to these objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file,

the court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Title 28 U.S.C. § 2244(d)(1)'s one year statute of limitations is tolled during the period of time for which "a properly filed application for State post-conviction or other collateral review is pending." 28 U.S.C. § 2244(d)(2).   The time that an application for state post-conviction review is "pending" includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law.   Evans v. Chavis, 126 S.Ct. 846, 848-49 (2006);  Carey v. Saffold, 536 U.S. 214 (2002).  At issue in this action is whether the statute of limitations should be tolled between the time the Kern County Superior Court denied the petition on May 18, 2001 and Petitioner filed a habeas petition in the California Supreme Court on August 15, 2002.   Unlike most States, California does not provide litigants with a specific time period to file a habeas petition at the next appellate level, and under the California system, the next petition is timely if filed within a "reasonable time."  Chavis, 126 S.Ct. at 849.   The question in this case is whether 15 months was a reasonable time.

In the objections, Petitioner points out that the California Supreme Court stated the relevant petition as denied on the merits and did not cite or mention any procedural rule.   In reversing the Ninth Circuit's prior practice, the Supreme Court in Chavis, found that a California Supreme Court order denying a petition "on the merits" does not automatically indicate that the petition was timely filed.  Chavis, 126 S.Ct. at 852.  In Chavis, the Supreme Court held that the unexplained filing delay of at least six months was not reasonable, but the Supreme Court did not establish a bright-line rule regarding delays of less than six months.  Id. at 854.  Following Chavis, the Ninth Circuit found that unexplained delays of 18, 15, and 10 months between filings were unreasonable and the petitioner was not entitled to statutory tolling during these periods. Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006).   The court agrees with the Magistrate Judge that Petitioner is not entitled to statutory tolling during the 15 months between the denial of the Kern County Superior Court petition and the filing of this petition in the California Supreme Court.

1    In the objections, Petitioner contends that his delay was reasonable because he was
2 litigating other avenues of relief during this 15 month time frame.  Specifically, Petitioner
3 appears to have been requesting the United States Supreme Court review his habeas petitions
4 during this time.  The court agrees with the Magistrate Judge that overlapping petitions do not
5 affect the tolling during the time Petitioner is seeking one full round of review.  The fact
6 Petitioner was attempting to obtain relief from other courts does not make a 15 month delay
7 reasonable.

8    Petitioner next contends that in reviewing tolling pursuant to 28 U.S.C. § 2244(d)(2) the
9 court should have included the ninety day period during which a petitioner may file a petition for
10 writ of certiorari in the United States Supreme Court.  The Ninth Circuit has held that following
11 state collateral review a petitioner is not entitled to tolling for the period available to file a
12 petition for writ of certiorari to the United States Supreme Court, even if as here, the petition for
13 certiorari was actually filed.  White v. Klitzkie, 281 F.3d 920, 925 (9th Cir. 2002).   While the
14 Sixth Circuit has reached a contrary result and the issue appears to be pending before the United
15 States Supreme Court, at this time, the court has no choice but to follow Ninth Circuit authority.
16 Thus, this additional time cannot be given.

17    Finally, in his objections, Petitioner also makes legal arguments not previously given to
18 the court.  In general, a new theory cannot properly be raised in objections to Findings and
19 Recommendations. Greenhow v. Secretary of HHS, 863 F.2d 633, 638-39 (9th Cir. 1988),
20 *overruled on other grounds by* United States v. Hardesty, 977 F.2d 1347 (9th Cir.1992).
21 Assertions that which could have been but were not presented to the Magistrate Judge should be
22 given no consideration when the court is deciding whether to adopt Findings and
23 Recommendations  Sundaram v. County of Santa Barbara, 2001 WL 540515, *1 (C.D.Cal.
24 2001); Beam System, Inc. v. Checkpoint Systems, Inc., 1997 WL  423113, *9 n.9 (C.D.Cal.
25 1997).   In this case, Petitioner argues for the first time in the objections that Respondent waived
26 the right to make any statute of limitations arguments pursuant to the reasoning in Chavis by not
27 making them earlier.   This argument was not made before the Magistrate Judge.   Regardless, the
28 court finds that because Chavis, changed the binding law on this court on how this court should

toll pursuant to 28 U.S.C. § 2244(d)(2), Respondent did not waive the statute of limitations issue. When Respondent filed the prior motion to dismiss, the court denied it because, at that time, the court was required to toll the time period between the denial of the Kern County Superior Court petition and Petitioner filing the petition in the California Supreme Court.  However, Chavis now mandates that the court not toll, even during the first round of state habeas review, if the petition in the California Supreme Court was not timely filed.  Thus, Respondent filing a second motion to dismiss on statute of limitations grounds in light of new law was appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed December 20, 2006, are ADOPTED with the following modifications:
   a. Page 5, lines 9-10 is amended to read that the instant petition was filed on April 5, 2004, not October 14, 2004.
   b. Page 1, line 18-21 is amended to reflect that the date of Petitioner's conviction as March 26, 1997;
2. Respondents' motion to dismiss (Document #49) is GRANTED; and
3. The Clerk of the Court shall enter judgment for Respondent and close this action.

IT IS SO ORDERED.

Dated:   **March 26, 2007**              /s/ Anthony W. Ishii
0m8i78                                  UNITED STATES DISTRICT JUDGE