UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARK ALLEN KIMBROUGH,<br><br>    Petitioner,<br>v.<br><br>JEANNE S. WOODFORD, et al.,<br><br>    Respondent(s). | 1:04-cv-05528-AWI-DLB-HC<br><br>ORDER DECLINING TO ISSUE<br>CERTIFICATE OF APPEALBILITY |

Petitioner is a state prisoner who filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 27, 2007, the court adopted the Magistrate Judge's Findings and Recommendations, granted Respondent's motion to dismiss, and dismissed the petition for writ of habeas corpus. The Clerk of the Court entered judgement in favor of Respondent the same day.

On April 26, 2007, Petitioner filed a notice of appeal. Although no express request was made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate. See Fed. R.App. P. 22(b); United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997).

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
(B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.   Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

In this case, the court finds that jurists of reason would not disagree with the court's finding that Petitioner violated 28 U.S.C. § 2244(d)'s one year statute of limitations.   In light of the Supreme Court's reasoning in Evans v. Chavis, 126 S.Ct. 846 (2006), reasonable jurists would not disagree with this court's finding that Petitioner is not entitled to 28 U.S.C. § 2244(d)(2) tolling between the time the Kern County Superior Court denied Petitioner state habeas petition on May 18, 2001 and Petitioner filed a state habeas petition in the California Supreme Court on August 15, 2002. Reasonable jurists would not disagree that Petitioner's August 15, 2002 petition was not timely filed.  See Evans, 126 S.Ct.  at 854 (finding no bright line rule, but determining six month delay not reasonable); Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006) (holding that unexplained delays of 18, 15, and 10 months between filings were unreasonable).

The court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   May 25, 2007**             /s/ Anthony W. Ishii
                                      UNITED STATES DISTRICT JUDGE